

**FILED**

03/05/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0103

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0103

_____

CITY OF BILLINGS,

      Plaintiff and Appellee,

v.

GREGORY DEAN LEHMAN,

      Defendant and Appellant.

_____

O R D E R

**FILED**

MAR - 5 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Appellant Gregory Dean Lehman has filed a Petition seeking relief from his October 26, 2021 sentence upon revocation issued in the Municipal Court for the City of Billings. The Clerk of the Supreme Court deemed his Petition as one for an Out-of-Time Appeal, pursuant to M. R. App. P. 4(6). Lehman has since filed a Motion to Reduce the Time for Transmission of the Record.

Lehman acknowledges that his original criminal case dates to October 27, 2020. He includes a copy of the plea agreement and written judgment wherein the Municipal Court imposed a jail term of six months with all but ninety days suspended for the first misdemeanor and suspended six-month jail term for the other six counts. On October 26, 2021, the court revoked his suspended term, noted credit for time served, and imposed consecutive six-month terms.

In his Petition, Lehman raises several issues, including appointment of counsel, the right to be heard, the right to object to audio-video communication, and the pronouncement of sentence. He argues that he has an illegal sentence because he should have received twelve days of elapsed time. He contends that his right to be free from double jeopardy has occurred because he has received "multiple punishment for the same offense."

It is not readily clear whether Lehman initially sought relief in the Yellowstone County District Court from the Municipal Court decision. Lehman's remedy for relief would have been to raise these issues in a timely appeal to the Yellowstone County District

Court where the District Court would have appellate jurisdiction over the Municipal Court. Sections 46-17-404, and 3-5-303, MCA. Under Montana law, Lehman would need to appeal his 2021 sentence upon revocation to the District Court within ten days of the court's judgment. Section 46-17-311(1), (2), (4), MCA; *see also* § 3-6-110, MCA.

Upon review of Lehman's attachments, he includes a partial copy of an "Order, Post-Conviction Relief" presumably from the District Court. We secured copies of two register of actions from the District Court for petitions for post-conviction relief, filed on April 22, 2022, and September 6, 2022, respectively. We requested copies of the court's final orders. On March 31, 2023, the District Court issued an Order Denying Petition for Post-Conviction Relief, Denying Motion to File Untimely Appeal, and Granting the City's Motion to Dismiss in both of his civil cases. The court stated that Lehman had filed numerous documents under multiple cause numbers with various titles. The court noted that the Municipal Court "specifically asked Lehman what he had done to violate his sentence. Lehman told the [Municipal Court] that he had contact with a minor, whom he believed to be 14 years old, through the jail communication system when he knew he was not supposed to have contact with minors." The District Court pointed out that Lehman's petition "fails on its face because it is based on a sentence imposed by the [Billings Municipal Court], and Lehman did not appeal his conviction[,]" pursuant to § 46-21-101(2), MCA, precluding postconviction consideration because not all appeal remedies have been exhausted. Regardless, the District Court reviewed his raised issues.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]" "Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect." M. R. App. P. 4(6).

This Court concludes that Lehman has not demonstrated extraordinary circumstances and that denial of his Petition will not result in a gross miscarriage of justice. M. R. App. P. 4(6). Lehman may petition this Court for a writ of habeas corpus if he wants to pursue his claim for elapsed time. Accordingly,

2

IT IS ORDERED that Lehman's Petition, deemed a Petition for Out-of-Time Appeal, is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Lehman's Motion to Reduce the Time for Transmission of the Record is DENIED as moot.

The Clerk is directed to provide a copy of this Order to counsel of record and to Gregory Dean Lehman along with a copy of M. R. App. P. 14(5) and this Court's form for a petition for a writ of habeas corpus.

DATED this 5 day of March, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3